IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 3:05cr234-WHA |
| | ) | (WO) |
| | ) | |
| ADAM FLOYD | ) | |

**ORDER**

This cause is before the court on Defendant Adam Floyd's Motion for Release Pending Appeal (Doc. #222), which was filed on April 30, 2007.

A jury found Defendant Adam Floyd ("Floyd") guilty of a conspiracy count and two substantive Hobbs Act counts. This court subsequently sentenced Floyd to 21 months imprisonment, and gave him a date of May 23, 2007 to self-surrender to the Federal Bureau of Prisons.

Floyd has appealed his conviction and sentence. He now asks this court to set conditions of release pending his appeal, pursuant to 18 U.S.C. 3143(b).

A defendant must establish the following four factors in order for a court to grant bail pending appeal:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
> (2) that the appeal is not for purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; and
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Giancola,* 754 F.2d 898, 901 (11th Cir. 1985).

The United States does not dispute Floyd's position that he is not likely to flee; that his appeal is not brought for delay; and that if the substantial question he has raised on appeal is determined favorably to him, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed. The United States does contest, however, that White has established the third factor under *Giancola*; namely, that the appeal raises a substantial question of law or fact.

A "'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.*

Floyd argues that substantial questions have been raised in his appeal because he has argued that this court erred in finding that the United States presented sufficient evidence to meet the interstate commerce requirement of the Hobbs Act, and in charging the jury that the required effect on interstate commerce under the Hobbs Act is a minimal effect.

The United States points out that it is a correct, and settled, statement of law that the United States needs only prove a minimal effect on interstate commerce to satisfy the interstate commerce requirement of a conviction for violation of the Hobbs Act. *See United States v. Verbitskaya*, 406 F.3d 1324, 1331-32 (11th Cir. 1995), *cert. denied*, _ U.S. _, 126 S. Ct. 1095 (2006).

At trial, and in ruling on post-trial motions, this court concluded that the United States met its burden of establishing a minimal effect on interstate commerce with regard to Floyd's counts of conviction. The court was persuaded that the United States had proven a minimal effect on interstate commerce by establishing that fines which would have been paid to the

2

general fund of the City of Auburn, and which subsequently would have been used to purchase goods which traveled in interstate commerce, were not paid because of Floyd's conduct. This court's conclusion that the requisite interstate commerce connection was proven was based in part on *United States v. Castleberry*, 116 F.3d 1384 (11th Cir. 1997), in which the Eleventh Circuit relied on evidence of fines which were not paid into a city's general fund in finding the requisite interstate commerce effect. *Castleberry*, however, did not define "minimal," and arguably involved more extensive evidence of an interstate commerce connection than was presented in the instant case. Therefore, while there is binding precedent establishing that the required effect on interstate commerce is "minimal," that precedent does not answer the question of what quantum of evidence is necessary to meet the "minimal" standard. That question, as applied to the evidence which was presented at trial in this case, is a close question or one that very well could be decided the other way. The court concludes, therefore, that in addition to the three *Giancola* factors not contested by the United States, Floyd has established the factor that his appeal raises a substantial question of law or fact.

      Accordingly, it is hereby ORDERED as follows:

      1. The Motion for Release Pending Appeal (Doc. #222) is GRANTED.

      2. The Defendant is released and continued under the same conditions imposed by the United States Magistrate Judge on October 7, 2005, while his appeal is pending.

      DONE this 10th day of May, 2007.

      /s/ W. Harold Albritton  
      W. HAROLD ALBRITTON  
      SENIOR UNITED STATES DISTRICT JUDGE